ERIC GRANT
United States Attorney
ADRIAN T. KINSELLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAYDEN VIRGIL THOMAS,<br>Defendant. | CASE NO. 2:26-CR-00110-AC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [~~PROPOSED~~] FINDINGS AND ORDER<br><br>DATE: November 2, 2026<br>TIME: 9:00 a.m.<br>COURT: Hon. Allison Claire |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on November 2, 2026. ECF No. 21.

2. By this stipulation, defendant now moves to continue the status conference until January 25, 2027, and to exclude time between November 2, 2026, and January 25, 2027, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes 55 gigabytes of evidence in electronic form, including investigative reports, surveillance footage, body camera footage, and other evidence. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Additionally, the government has made multiple forensic extractions of devices belonging to the defense available for the defense's review. Evidence extracted from one of these devices resulted in the filing of a new felony complaint, charged on September 24, 2026. *See United States v. Thomas*, 2:26-CR-00206-TLN.

c) Counsel for defendant desires additional time to review the forensic extraction of the cellular phone recently produced by the government, to consult with her client, to discuss potential resolutions given the filing of an additional case, to prepare pretrial motions, and to otherwise prepare for trial.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 2, 2026 to January 25, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

//

//

IT IS SO STIPULATED.

Dated: October 30, 2026

ERIC GRANT
United States Attorney

/s/ ADRIAN T. KINSELLA
ADRIAN T. KINSELLA
Assistant United States Attorney

Dated: October 30, 2026

/s/ ROBIN CHANG
ROBIN CHANG
Counsel for Defendant
JAYDEN VIRGIL THOMAS

**[~~PROPOSED~~] ORDER**

IT IS SO FOUND AND ORDERED this 30th day of October, 2026.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE